| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 19-cv-4324 |
| Plaintiff, | Judge: Elaine E. Bucklo |
| v. | Magistrate Judge: Sheila M. Finnegan |
| COMER CAPITAL GROUP, LLC and, BRANDON L. COMER, | |
| Defendants. | Jury Trial Demanded |

# DEFENDANT COMER CAPITAL GROUP, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Comer Capital Group, LLC ("Defendant" or "Comer Capital") by and through its undersigned attorneys, hereby responds and objects to Plaintiff Securities and Exchange Commission's ("Plaintiff") First Set of Interrogatories to Comer Capital as follows:

## GENERAL OBJECTIONS

The following General Objections should be incorporated, to the extent possible, into each response to the Interrogatories, as if the General Objections were fully set forth in each response, including those responses that also set forth specific objections.

1. Defendant objects to each Interrogatory to the extent that it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and governing local rules.

2. Defendant objects to each Interrogatory on the grounds that it seeks information more properly obtained through depositions, which have not yet taken place.

3. Defendant objects to each Interrogatory to the extent that it is vague, ambiguous,

1

overly broad, unduly burdensome, oppressive, not susceptible to a reasonable interpretation, not particular or does not otherwise comply with the governing rules.

4. Defendant objects to each Interrogatory to the extent that it seeks cumulative or duplicative information.

5. Defendant objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party in this action, nor material and necessary in the prosecution or defense of the action.

6. Defendant objects to each Interrogatory to the extent that it does not contain a temporal limit.

7. Defendant objects to each Interrogatory to the extent that it seeks privileged information, including, without limitation, information that was prepared, generated, or received for or in anticipation of litigation, information that constitutes attorney work product, or information that is protected by a claim of privilege or immunity, including, without limitation, the attorney-client privilege, common interest or joint defense privilege, or any other applicable privilege or immunity. Such information shall not be provided in response hereto, and inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

8. Defendant objects to each Interrogatory to the extent that it seeks information that cannot practicably be ascertained by Defendants.

9. Defendant objects to each Interrogatory to the extent it seeks disclosure of information outside the scope of the events alleged in the Complaint on the grounds that they are not relevant to this action and not reasonably calculated to lead to the disclosure of admissible evidence in this action.

10. Defendant expressly preserves any and all objections based on relevance, materiality, competence, privilege, immunity from disclosure, authenticity, admissibility or other grounds.

11. Defendant reserves the right to supplement and/or amend these responses if further information becomes available in the course of Defendant's diligent inquiries, through discovery or otherwise. These responses should not be construed as, and do not constitute a waiver of, Defendant's right to prove additional facts at trial.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

1. Identify all documents concerning any research, analysis or due diligence you performed on the pricing of the Bonds, including but not limited to the identification of any software program, websites, and reference materials used in performing the same.

**RESPONSE:** Comer Capital objects on the basis that identifying "all documents . . . including software program[s], websites, and reference materials" is overly broad and unduly burdensome. Comer Capital further objects on the basis that "research, analysis or due diligence you performed on the pricing of the Bonds" is vague and ambiguous. Comer Capital further objects to this interrogatory on the basis that it did not price the bonds; Comer Capital's role is limited to advising the District on fairness of levels established by IFS. Subject to and without waiving these objections, IFS proposed a scale with which it would go out to the market and Comer Capital looked at comparable bond issuances based on region, rating and insurance via Bond Buyer's market database. Comer Capital refers Plaintiff to documents and information that Comer Capital submitted to the Plaintiff during the pre-complaint investigation of this matter.

2. Identify any documents and communications concerning any research, analysis or due diligence you performed to assess IFS's experience underwriting municipal offerings prior to the issuance of the Bonds.

**RESPONSE:** Comer Capital objects to this interrogatory on the basis that it does not contain a temporal limit and "research", analysis" "due diligence" and "experience" are vague and

3

ambiguous. Comer Capital objects to this interrogatory on the basis that the District selected IFS as an underwriter prior to selecting Comer Capital as its financial advisor and as such the interrogatory incorrectly presumes Comer Capital had a duty to assess IFS's experience. Subject to and without waiving these objections, Comer Capital refers Plaintiff to documents and information that Comer Capital submitted to the Plaintiff during the pre-complaint investigation of this matter.

3. State the basis for your denial of paragraph 19 of the Complaint.

**RESPONSE**: Comer Capital denied the allegations of paragraph 19 on the basis that the paragraph contains a foundational statement to which Comer Capital does not agree and an incomplete hypothetical. Plaintiff's foundational statement is a sweeping, general statement without temporal limit about what state and local governmental entities "often" do as part of the bond offering process to which Comer Capital generally disagrees as municipal bond offering practices are varied. Answering further, the paragraph is not a "short and plain statement of the claim showing that the pleader is entitled to relief" as required under FRCP 8, and instead attempts to create a foundation for the question that is outside of Comer Capital's knowledge and Plaintiff then uses the incomplete hypothetical as a basis to pronounce legal conclusions.

4. State the basis for your denial of paragraph 27 of the Complaint.

**RESPONSE**: The basis of the denial is that that the allegation is not true. Comer did not ask IFS to negotiate an increase of Comer Capital's fee. Answering further, Comer did not seek or ask for additional fees; rather the additional work led to an additional fee to which the Board agreed.

5. State the basis for your denial of paragraph 33 of the Complaint.

**RESPONSE**: Comer Capital denied paragraph 33 on the basis that it incorrectly presumes Comer Capital had a duty to assess IFS's experience. The District selected IFS as an underwriter prior to selecting Comer Capital as its financial advisor and as such Comer Capital was not retained to assist the District in selecting an underwriter. Answering further, Comer Capital had knowledge of IFS's qualifications because the two had worked together on prior offerings. Furthermore, Comer Capital denies that Plaintiff's characterization of the District is accurate as the District shares boundaries and a tax base with the City of Harvey, which would be considered a distressed issuer.

6. State the basis for your denial of paragraph 45(a) of the Complaint, including but not limited to the identification of each and every document, communication, and fact which forms any part of your information regarding IFS's efforts to identify small banks with potential interest in purchasing the Bonds.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital denied paragraph 45(a) on the basis that the paragraph incorrectly presumes that small banks would have interest in purchasing the Bonds and that a high concentration of effort should be concentrated on small banks. The District had significant underlying credit and headline risk making a concentration of effort on identifying small bank purchasers inappropriate for an initial offering. IFS did make sufficient efforts to identify small banks interested in purchasing the Bonds which included sending out messages to banks via its salesman, Charles Knox. Comer Capital refers Plaintiff to documents and information submitted to Plaintiff during the pre-complaint investigation of this matter.

7. State the basis for your denial of paragraph 45(b) of the Complaint.

**RESPONSE**: Comer Capital denied the paragraph on the basis that the allegations are not true. Answering further, Comer Capital additionally denied the paragraph on the basis that it ignores the time constraints imposed by real estate contract deadlines which made keeping to the deal calendar necessary and in the best interest of the District.

8. State the basis for your denial of paragraph 51 of the Complaint.

**RESPONSE**: The basis of the denial is that the allegation is not a complete and accurate quote of Comer Capital's September 16, 2014 proposal letter and has been taken out of context of the document and as such, is not true and accurate reflection of the terms of the proposal nor the subsequent agreement. The September 16, 2014 was an unsolicited, form proposal letter that did not contain terms of the actual agreement.

9. State the basis for your denial of paragraph 54 of the Complaint.

**RESPONSE**: The basis of the denial is that the paragraph is not true.

10. State the basis for your denial of paragraph 58 of the Complaint. Your response should identify any comparable bond issuances which form any part of the information upon which your denial is based.

**RESPONSE**: Comer Capital denied the paragraph on the basis that "substantially" is argumentative and the allegation is not true. Comer Capital refers Plaintiff to Professor Justin Marlowe's report dated July 8, 2015.

11. State the basis for your assertion in paragraph 1, page 18 of your Answer that "the District considered at least one other municipal advisor," identifying each and every document,

communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE**: The basis for the allegation is from statements the District made to Comer Capital during its interview on September 27, 2014.

12. State the basis for your assertion in paragraph 8, page 19-20 of your Answer that "Comer ... [a]ssist[ed] with the pricing process for the Bonds," identifying each and every document, communication, and fact which forms any part of your information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital assisted with the pricing process by communicating in real time with the District and IFS, during the order period, to provide to the District information concerning the Bond's pricing, the lack of demand and interest the Bonds were generating in the market, the problems IFS was facing in the market due to District's credit and headline risk, and FTN Financial Securities Corporation's interest in purchasing the Bonds. In addition, Comer Capital contacted Capital One Bank and attempted a private placement which Capital One Bank ultimately refused, even with the Bond's insurance, due to the District's credit risk. Comer Capital refers Respondents to documents and information that were provided to Plaintiff during the pre-complaint investigation of this matter and in response to Plaintiff's requests for production of documents.

13. State the basis for your assertion in paragraph 8, page 19-20 of your Answer that "Comer ... [a]nalyz[ed] and discuss[ed] other options with Harvey Library including private

placements and multiple term bonds," identifying each and every document, communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital considered several possible alternatives, including a bank placement, a private placement, pay-as-you-go, and restructuring the bonds as serial bonds. Comer Capital also instructed IFS to include multiple term bonds in the pre-pricing number runs which Comer Capital then discussed with Ms. Flowers. Comer Capital also contacted Capital One Bank and attempted a private placement which Capital One Bank ultimately refused, even with the Bond's insurance, due to the District's credit risk.

14. State the basis for your assertion in paragraph 8, page 19-20 of your Answer that "Comer ... [a]ssist[ed] in determining the appropriate level of pricing for the bonds," identifying each and every document, communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital assisted in determining the appropriate level of pricing for the bonds by analyzing IFS's proposed scale by looking at other similar regional BBB bonds that were insured and determined that that IFS's pre-pricing levels were in alignment with the market. Comer Capital additionally required IFS modify the terms to include another term bond. This is evidenced by the fact that initial pricing went out at levels similar to other regional BBB bonds that were insured.

15. State the basis for your assertion in paragraph 8, page 19-20 of your Answer that "Comer ... [a]dvis[ed] the District that it believed that IFS' fees were on the higher end of what Harvey Library should be paying (to no avail)," identifying each and every document, communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital informed Ms. Flowers and Keith Price that it considered IFS fees higher than what the District should be paying. The District's response was that IFS's fees had already been negotiated and agreed upon prior to hiring Comer Capital. Answering further, the Chairman of the Board followed up with an email in October/November stating as much.

16. State the basis for your assertion in paragraph 8, page 19-20 of your Answer that "Comer ... [c]onduct[ed] analyses comparing one issue against another, attempting to establish clear pricing benchmarks and ranges," identifying each and every document, communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, Comer Capital assisted in determining the appropriate level of pricing for the bonds by analyzing IFS's proposed scale by looking at other similar regional BBB bonds that were insured and determined that that IFS's pre-pricing levels were in alignment with the market. Comer Capital additionally required IFS modify the terms to include another term bond. This is evidenced by the fact that initial pricing went out at levels similar to other regional BBB

9

bonds that were insured.

17. State the basis for your assertion in paragraph 9, page 20 of your Answer that: "Comer's scope of work and efforts exceeded those that were originally anticipated, and the District approved a higher fee to account for Comer's extra efforts." Your response should disclose the scope of work "originally anticipated," how the actual scope of work "exceeded" what was originally anticipated and state separately the acts (nature, time, place and persons involved) which form any part of the referenced "extra efforts."

**RESPONSE**: Initially, IFS and bond counsel represented to Comer Capital that a substantial amount of the work had been completed on the transaction, that the District had already hired a Trustee, and that Comer Capital would help work on the POS, thus limiting the scope of work originally anticipated. However, after receiving and reviewing the documents, Comer Capital determined that the POS was not almost complete as it had been led to believe and that the documents were in basic template format and most of the information related to the District had not been obtained or inserted into the documents. Comer Capital was assigned and completed the bulk of the work on the POS. Comer Capital also requested and reviewed the District's last three audited financial statements, issued and evaluated responses for a request for fee proposals for Trustee/Paying agent and obtained insurance and an investment grade rating for the District.

18. State the basis for your assertion in paragraph 15, page 21 of your Answer that "[t]he District received a fair and reasonable price" for the Bonds, identifying each and every document, communication, and fact which forms any part of your source of information concerning this assertion.

**RESPONSE:** Comer Capital objects on the basis that identifying "each and every

10

document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, the District received a fair and reasonable price because the circumstances surrounding the transaction, the prevailing market conditions at the time of issue, and the nature of the District's bonds. Material facts include that the District was a first time issuer that shared boundaries and a tax base with the City of Harvey, the tax collection rates in Harvey were extraordinarily low and continuing to decline, the poverty level in Harvey was high, the median household income was low, the bonds were initially sold at a time of higher-than-average supply of bonds, unfavorable articles regarding the City of Harvey, and the time constraints imposed by expiring real estate contracts.

19. State the basis for your assertion in paragraph 11, page 20 of your Answer that "some market concerns of potential purchasers have proven accurate." Your response should identify the referenced "potential purchasers," state the specific "market concerns" which were "proven accurate," and identify each and every document and communication which forms any part of your source of information concerning this assertion.

**RESPONSE**: Comer Capital objects on the basis that identifying "each and every document, communication, and fact" is overly broad and unduly burdensome. Subject to and without waiving this objection, one potential purchaser Comer Capital was referencing was Bank of Montreal ("BMO"). Market concerns included stress on the District's tax base and an erosion of the District's revenue. Material facts demonstrating the validity of the concerns include Standard & Poor's Ratings Services suspending the underlying BBB rating for the District, the District reporting on May 11, 2018, an inability to pay debts and a concern that the library may need to close its doors, the negative fund balance the District disclosed in its 2018 audit, and the City of Harvey's defaults on, and inability to support, its current bond debts.

11

Dated: October 22, 2020                    Respectfully submitted,


                                           /s/ James L. Kopecky
                                           Attorney for Defendant

Jim Kopecky (6225359)
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
T: (312) 380-6552

## CERTIFICATION

I declare under penalty of perjury that the answers provided to these interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
Brandon L. Comer
Comer Capital Group LLC

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused true and correct copies of the foregoing document to be served upon all counsel of record via email on October 22, 2020.

/s/ Ashley Fawver