IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States Securities and Exchange Commission, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 19 C 4324 |
| Comer Capital Group, LLC, and Brandon L. Comer | ) ) ) ) | |
| Defendants. | ) | |

Order

The SEC filed this action against defendants Brandon Comer and Comer Capital Group ("CCG"), alleging that they breached their fiduciary duties to the Harvey Public Library District as the District's municipal advisor in connection with the issuance of municipal bonds. The SEC claims violations of Section 15B(c)(1) of the Exchange Act, 15 U.S.C. § 78$o$-4(c)(1), which prohibits municipal advisors from engaging in "any act, practice, or course of business which is not consistent with a municipal advisor's fiduciary duty[.]" 15 U.S.C.A. § 78o-4 (West). Before me is defendants' motion for summary judgment, which I deny for the reasons that follow.

According to the complaint, the District—a sovereign legal entity within the City of Harvey, Illinois—was a first-time,

1

unsophisticated bond issuer at the time of the events at issue. The District hired defendant CCG, an entity majority-owned and controlled by defendant Comer, in late 2014 to advise it and represent its interests with respect to a bond offering intended to finance the expansion and renovation of the District's library building. Included in the services the District hired CCG to provide was the selection of an experienced underwriter to market and sell the bonds. In addition, defendants promised to conduct research and analysis on appropriate pricing for the bonds and to negotiate on the District's behalf to ensure it obtained a competitive price for the bonds.

Defendants allegedly failed to perform these services consistently with their fiduciary duty to the District. In particular, plaintiff claims, CCG should have advised the District to select an underwriter with greater experience in the type of transactions the District contemplated than IFS Securities, which was the underwriter the District had preliminarily (but not irrevocably) engaged before hiring defendant. In fact, it was IFS who recommended that the District hire CCG as its municipal advisor. Later, IFS allegedly helped defendants to negotiate a higher advisory fee from the District.

According to the SEC, IFS lacked the experience and buyer base necessary to find suitable buyers for the bonds, so it struggled to sell them. But rather than revise the timeline for

2

the sale or use its own capital to purchase the bonds, IFS sold the bonds to another broker-dealer. And while defendants assured the District that the sale price IFS obtained from the broker-dealer was fair and reasonable, the purchaser turned around and resold the bonds immediately, at more favorable pricing, to buyers of the kind the District's underwriter should have found for the District. But because defendants were beholden to IFS, the SEC alleges, they failed to advise the District properly concerning IFS's pricing and marketing of the bonds, causing the District to incur higher borrowing costs than it should have.

In their motion for summary judgment, defendants argue that plaintiff cannot prove any fiduciary breach because: 1) CCG provided the advice it promised to provide as the District's municipal advisor; 2) IFS was qualified to act as underwriter for the District's bond issuance, and in any event, the District hired IFS before it hired CCG; and 3) the evidence does not establish that defendants asked IFS to renegotiate CCG's fee but only that Comer "informed IFS that they needed to discuss the issue with the District." SJ Mem., ECF 53 at 13. At all events, defendants continue, the renegotiated fee was appropriate given the amount of work defendants performed on the transaction. None of these arguments establishes defendants' entitlement to summary judgment.

At the outset, defendants' insistence that the record reflects no triable factual disputes ignores the report of

3

plaintiff's expert, Richard Kolman, despite the fact that they offer the report of their own expert in partial rebuttal. Kolman, a retired Manager of the Negotiated and Competitive Underwriting Department at Goldman Sachs, where he spent eight years in Goldman's Municipal Department, opines that defendants created a conflict of interest by asking IFS to help renegotiate their municipal advisory fee. Kolman also opines that defendants violated their fiduciary duties in other ways, including by failing to take necessary steps to make sure the District paid a fair and reasonable interest rate; failing to "analyze specific structuring ideas, establish pricing benchmarks, and oversee the pricing process" as promised in their proposal to the District; failing to conduct historical pricing analysis and to analyze the markets for insured financings of similar size and ratings, which would be customary and expected for a municipal advisor; failing to probe IFS's decision to sell the bonds to a broker-dealer or its inability to identify investors such as small banks, which are the primary investors of bank qualified offerings such as the District's bonds; and failing to advise the District that the yield proposed by IFS was well above market levels for comparable bonds. *See* Kolman Rep., ECF 56-2 at 1-2. The rebuttal report of defendants' expert, Albert R. Grace, states vaguely that he has "differing views on a number of statements in the Kolman report," but confines his opinion to the statement that he "did not see a

4

conflict as stated in the Kolman Report but rather the natural outgrowth of the delivery process of financial services to municipal issuers." Grace Rep., ECF 60-2 at 1, 3.[1]

In addition to ignoring the experts' apparently conflicting views on whether defendants violated their fiduciary duty to the District by involving IFS in discussions about CCG's advisory fees—which defendants do not dispute that they did, although they object to the SEC's characterization of IFS's role in the fee discussions—defendants' submissions underscore additional factual disputes in the record. For example, they point to putative flaws in plaintiff's evidence that the sale price IFS obtained for the District's bonds was unreasonably low, insisting that the municipal bond transactions the SEC points to as comparators were materially distinct from the District's transactions in ways that justified those bonds' more favorable pricing. *See* Reply, ECF 60-1 at 2-3. Additionally, defendants insist that "just because the Bonds' price rose and yield tumbled (to 4.0%) in the secondary market does not prove the District received a much higher cost of funds than it should have." *Id*. at 4. Perhaps not; but plaintiff's evidence is sufficient to have a jury evaluate whether defendants took reasonable steps to ensure that IFS priced the bonds appropriately and marketed them to the kinds of buyers who were

---

[1] If a summary of Mr. Grace's qualifications or the materials he relied upon for his opinions was included with his report, they do not appear to have been included in the record.

5

likely to be interested in them. In short, defendants have not established that no reasonable jury could conclude that they failed to act in the District's best interest, causing the District to suffer losses in the form of unreasonably high transaction costs in conjunction with its bond issuance.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: December 19, 2022